AUGUST DREIER *vs.* KUAA.

ON APPEAL FROM CIRCUIT JUDGE OF FOURTH JUDICIAL CIRCUIT ON POINTS OF LAW.

THE DEFENDANT CONTRACTED to labor for the plaintiff on Kauai for thirty-six months. He commenced work on the Koloa Sugar Plantation, and, in a case decided in June last by this Court, he was discharged from labor there, and thereupon the plaintiff required defendant to go to work for him at "Eleele," another plantation owned by him on Kauai, for balance of term, which he refused to do.

HELD, that he was bound to work as required.

Opinion of the Court by McCULLY, J.

By appeal of the plaintiff from the decision of the Local Circuit Justice of the Fourth Judicial Circuit.

The parties hereto have made the following contract, which is here set forth in full as follows :

### LABOR CONTRACT.—OLELO AELIKE.

This agreement made and entered into, this 25th day of February, A. D. 1881, by and between August Dreier, on the Island of Kauai, party of the first part, and Kuaa, party of the second part, witnesseth:

I.   That the said party of the second part promises to perform such labor for August Dreier, on the Island of Kauai, as the said party of the first part shall direct, and that he will faithfully and punctually perform the same as becomes a good workman, and that he will obey all lawful commands of the said party of the first part, his agent or overseer, during the term of thirty-six months, each month to consist of twenty-four working days of ten hours each.

II.   The said party of the first part will well and truly pay or cause to be paid unto the said party of the second part, at the end of each month during which this contract shall remain in force, compensation or wages at the rate of fourteen dollars ($14) for each month, if said party of the second part shall well and truly perform his labor as aforesaid, and to provide him with ———.

III.   The said party of the second part agrees to work at night and rest during the day, if directed to do so by the said party of the first part.

IV.   The party of the second part agrees to work at the rate of twelve hours per day at all work connected with the sugar mill and boiling house, and all other labor to be at the rate of ten hours per day.

V.   The said party of the second part hereby acknowledges the receipt of $150 as advance on the within contract.

Done in duplicate at Koloa the day first above written, and that each party is provided with a copy.

(Signed)                              AUGUST DREIER.
(Signed)                              KUAA.

The defendant now claims that the act of the plaintiff in assigning his labor to a third person, under which assignment he served for nine months was such a violation of the terms of their contract that he should now be discharged from his obligations of service, as provided by Section 1,423 of the Civil Code, which reads as follows :

Section 1,423. If any master shall be guilty of any cruelty, misusage, or violation of any of the terms of the contract, towards any person bound to service either under the 1,417th or 1,418th Sections, such person may make complaint to any District or Police Justice, who shall summon the parties before him, examine into, hear and determine the complaint ; and if the complaint shall be sustained, such person shall be discharged from all obligations of service, and the master shall be fined in a sum not less than five, nor more than one hundred dollars, and in default of the payment thereof, be imprisoned at hard labor until the same is paid.

It is not claimed that the terms of the contract on the employer's part, in respect to wages and lodging have not been kept, or that he has been subject to any cruelty or misusage. He labored "reluctantly" he says, yet voluntarily for the assigns of the plaintiff, and received his stipulated wages, until he declined to serve longer and was sustained by the opinion of this Court as above referred to. The plaintiff thereupon required the defendant to return to his service at "Eleele" on the Island of Kauai, where he has a plantation, to serve the remainder of his contract time, but the defendant has refused and absents himself from the place, claiming as above a legal violation of the contract which should dissolve it, and so the Court below held.

We held in the former case that it was without and beyond the terms of the contract in these words. "We cannot direct the defendant to labor on the Koloa plantation, for he (the plaintiff) has no interest in it. There is no privity between these laborers and the owners of the Koloa plantation, and

therefore the defendant cannot be compelled to work on the plantation."

The plaintiff under a mistaken view of the scope of the contract had required that the defendant should do what he was not bound to do, and the defendant under a like mistake had for some time complied with the requisition. There was in this no violation of the terms of the contract.

The language above cited from the decision in the former case implies the continued obligations of the contract within its terms, namely, to labor for August Dreier on the Island of Kauai, only holding that the labor on the Koloa plantation was not labor for August Dreier.

It is to be observed here that the statute requires that when the magistrate finds that the complaint of the servant under Section 1,423 is sustained and discharges the servant from his contract, he shall fine the master from five to one hundred dollars with penalty of imprisonment in default of payment. No penalty was imposed by the Court below. As no question was made of the judgment being for this reason defective we need not consider whether on that ground alone it might be vitiated, but will remark that the necessity of imposing this penalty and the words " guilty," " cruelty " and " misusage " in the context, are an important commentary upon the construction to be placed on the phrase " violation of any of the terms of the contract " when action is brought to cancel the contract.

The order of the Court is that the defendant return to the plaintiff's service for the remainder of his contract time, the time during which he labored on the Koloa plantation being counted on the contract.

And the like order is made in the cases of Wawahimoku and Kaaleiki, defendants in similar cases, submitted at the same time.

S. B. Dole for the plaintiff.

Honolulu, November 3, 1882.